**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CINDY SHEPHERD,
               Appellant,

       v.

DEPARTMENT OF HOMELAND
    SECURITY,
              Agency.

DOCKET NUMBER
AT-1221-22-0244-W-1

DATE: April 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cindy Shepherd, Apopka, Florida, pro se.

Daniel Rodriguez, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her termination for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision except as expressly MODIFIED by this Final Order to find that the appellant did not prove that she meets the statutory definition of an "employee" with chapter 75 appeal rights, and that she exhausted an additional alleged disclosure and personnel actions with the Office of Special Counsel (OSC) but, nevertheless, failed to establish jurisdiction over her claims as an individual right of action (IRA) appeal.

## BACKGROUND

The appellant was employed by the agency's Federal Emergency Management Agency (FEMA) as a Reservist Emergency Management Specialist. Initial Appeal File (IAF), Tab 7 at 12-13, 15. The legal authority for the appellant's appointment was Pub. L. No. 93-288, as amended, known as the Stafford Act.[2] *Id.* at 12, 15. On October 22, 2021, the agency terminated her based on charges of conduct unbecoming and lack of candor. *Id.* at 13. The basis of the conduct unbecoming charge was that she allegedly discussed a subordinate employee's medical condition with her while on speakerphone and within earshot of other employees, including a nurse practitioner, without her consent.

---

[2] The Disaster Relief Act Amendments of 1974 (1974 Act), Pub. L. No. 93-288, 88 Stat 143, was amended by the Disaster Relief and Emergency Assistance Amendments of 1988 (1988 Act), Pub. L. No. 100-707, 102 Stat. 4689. Section 102 of the 1988 Act renamed the 1974 Act "The Robert T. Stafford Disaster Relief and Emergency Assistance Act" (Stafford Act) (codified as amended at 42 U.S.C. §§ 5121-5207).

*Id.* at 13-14. The agency also alleged that she called the same subordinate employee a "bitch" on another occasion. *Id.* She was charged with lack of candor because she later stated that her subordinate consented to having the nurse listen on speakerphone, which her subordinate denied. *Id.* The appellant filed a complaint with OSC, in which she claimed as protected activities the filing of an equal employment opportunity (EEO) complaint following her termination and her involvement as a witness in a coworker's August 2016 or 2017 EEO complaint. IAF, Tab 4 at 12. The appellant also alleged that her termination was a result of her April 16, 2021 report to a manager that her Group Supervisor had an "outburst" that created a hostile work environment. IAF, Tab 4 at 12-13, Tab 5 at 5. OSC sent the appellant a close-out letter on February 24, 2022. IAF, Tab 1 at 10.

The appellant filed a timely appeal to the Board, alleging that the agency investigated her alleged misconduct and terminated her in retaliation for, among other matters, her participation in her coworker's EEO case, her counseling of her subordinate, and her April 16, 2021 report of her Group Supervisor's behavior. IAF, Tab 1 at 1, 3, 5, Tab 5 at 5-8. She also alleged that the agency's actions were motivated by race and age discrimination. IAF, Tab 1 at 3, 5, Tab 5 at 8. The administrative judge issued a jurisdictional order identifying the appeal as an IRA appeal. IAF, Tab 3 at 2. The appellant submitted a list of alleged disclosures and activities, and a copy of her OSC complaint and correspondence with OSC. IAF, Tab 1 at 8-9, Tab 4 at 4-21, Tab 5 at 5-8.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 10, Initial Decision (ID) at 1, 7. The administrative judge determined that the appellant did not exhaust any disclosures with OSC. ID at 3. She determined that the appellant raised with OSC her involvement in a coworker's 2016 EEO complaint. *Id.* The administrative judge found, in essence, that the appellant did not allege she "testif[ied] or otherwise . . . assist[ed]" her

coworker in pursuing her EEO complaint, and therefore failed to allege that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(B). ID at 3-4. The administrative judge went on to conclude that, assuming arguendo the appellant's involvement was protected activity under section 2302(b)(9)(B), she failed to nonfrivolously allege that her protected activity was a contributing factor in her termination in October 2021. ID at 4-6.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded. On March 1, 2023, the Office of the Clerk of the Board issued an Order to the parties to file evidence and argument regarding whether the Board has chapter 75 jurisdiction over the appellant's termination. PFR File, Tab 3. Neither party responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

In her petition for review, the appellant challenges the merits of her October 2021 termination and reasserts claims of discrimination and retaliation. PFR File, Tab 1 at 1-2. She submits evidence for the first time on review of two statements, allegedly from coworkers, in support of her argument that she did not commit the misconduct for which she was terminated. *Id.* at 3-4.

The appellant has not met her burden to establish jurisdiction over an adverse action appeal under 5 U.S.C. chapter 75.

The administrative judge did not address the issue of the Board's jurisdiction over an adverse action appeal under 5 U.S.C. chapter 75, and the parties have not raised this issue on review. Nonetheless, we raise the issue here because an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Because the appellant did not receive this information regarding a potential chapter 75 adverse action appeal, the Office of the Clerk of the Board issued the show cause order, discussed above. PFR File, Tab 3. The order explained the jurisdictional issue and

provided both parties with an opportunity to respond. *Id.* As also indicated above, neither party responded. Based on the record before us, we find that the appellant failed to nonfrivolously allege she is an "employee" with chapter 75 appeal rights.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden to prove by preponderant evidence that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). Although there is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction, the Board should hold an evidentiary hearing to resolve the jurisdictional question if the appellant makes a nonfrivolous allegation of jurisdiction but a determination cannot be made based on the documentary evidence. *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 (2013). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish that the Board has jurisdiction over the matter at issue. *Id.,* ¶ 6 n.2; 5 C.F.R. § 1201.4(s).

Here, our jurisdictional determination depends on whether the appellant met the statutory definition of an "employee" under 5 U.S.C. § 7511(a)(1). *See Moncada v. Executive Office of the President, Office of Administration*, 2022 MSPB 25, ¶¶ 13-24 (observing that meeting the definition of "employee" and being subject to an appealable action are the only requirements for chapter 75 jurisdiction). Because we determine that she did not, we need not address the agency's argument, below, that Stafford Act appointees do not have adverse action appeal rights under chapter 75. IAF, Tab 8 at 5-6.

The appellant has not presented any argument on the issue of the Board's chapter 75 jurisdiction. The Standard Form 50 (SF-50) that she provided below documenting her termination indicates that she was a nonpreference eligible excepted service appointee. IAF, Tab 1 at 7. The appellant has not asserted that

this is inaccurate or that she was appointed to the competitive service. Further, she indicated below that she is not preference eligible. *Id.* at 1. Therefore, we examine here whether she established that she is a nonpreference eligible excepted service appointee with Board appeal rights. A nonpreference eligible individual in the excepted service is an "employee" as defined in 5 U.S.C. § 7511(a)(1)(C) if she meets the requirements of either subsection (i) or (ii) of the statute. *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012); *see Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999). The requirements of subsection (i) are met if the individual is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service. 5 U.S.C. § 7511(a)(1)(C). The requirements of subsection (ii) are met if the individual has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. *Id.*

The appellant has not alleged that her excepted service position was one that was pending conversion to the competitive service so as to qualify for coverage under subsection (i). *See Forest v. Merit Systems Protection Board*, 47 F.3d 409, 412 (Fed. Cir. 1995) (rejecting an argument that would effectively interpret 5 U.S.C. § 7511(a)(1)(C)(i) to eliminate the requirement that an "employee" under that provision be serving in a position pending conversion to the competitive service). Further, nothing in the language of the Stafford Act specifies that appointments made under the Act are "pending conversion to the competitive service." 42 U.S.C. §§ 5121-5207.

The appellant also has not alleged that her service was in a position other than a temporary appointment limited to 2 years or less, as required under 5 U.S.C. § 7511(a)(1)(C)(ii). Box 24 of the appellant's SF-50 documenting her termination reflects her tenure as "none," which, although not dispositive, suggests that her appointment was temporary. IAF, Tab 1 at 7; *see*

*Olson v. Department of Veterans Affairs*, 92 M.S.P.R. 336, ¶ 7 (2002) (stating that an SF-50 reflecting an appellant's tenure as "none" suggested her position was temporary). Also, the statutory provisions of the Stafford Act grant agencies the authority to appoint "*temporary* personnel" and to incur "obligations arising out of the *temporary* employment of additional personnel." 42 U.S.C. § 5149(b)(1), (3) (emphasis added).

Accordingly, we conclude that the appellant has failed to make allegations that, if true, would establish that she is an "employee" with Board appeal rights as defined by 5 U.S.C. § 7511(a)(1). Thus, she has failed to establish chapter 75 jurisdiction over her termination.

<u>We affirm, as modified, the administrative judge's finding that the appellant has not established IRA jurisdiction.</u>

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

> *The appellant exhausted the following alleged protected disclosures or activities with OSC: (1) involvement in a coworker's EEO complaint in 2016 or 2017; and (2) disclosure of her Group Supervisor's misconduct in April 2021.*

On review, the appellant reasserts that she exhausted her administrative remedies with OSC. PFR File, Tab 1 at 1. She reasserts that her subordinate employee falsely claimed she engaged in the misconduct for which she was terminated in retaliation for verbally counseling the subordinate. PFR File, Tab 1 at 1; IAF, Tab 5 at 5. She also re-raises claims of retaliation for assisting her

coworker with an EEO case in 2016 or 2017, and for complaining of her Group Supervisor's conduct. PFR File, Tab 1 at 1-2. The administrative judge found that the appellant's involvement in a coworker's EEO complaint in 2016 or 2017 was the only activity or disclosure that had been exhausted with OSC. ID at 3.

In an IRA appeal, an appellant "shall seek corrective action from the Special Counsel before seeking corrective action from the Board." 5 U.S.C. § 1214(a)(3); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 5. To meet the substantive requirements of exhaustion, the appellant must have provided OSC with sufficient basis to pursue an investigation which might lead to corrective action. *Chambers*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. Exhaustion may also be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her Board appeal. *Id.* The appellant must prove exhaustion with OSC by preponderant evidence, not just nonfrivolous allegations. *Id.*

We agree with the administrative judge that the appellant's involvement in the 2016 or 2017 EEO complaint was exhausted with OSC. IAF, Tab 4 at 12. However, we find that she also exhausted with OSC her alleged complaint about her Group Supervisor. PFR File, Tab 1 at 2; IAF, Tab 4 at 13. In her pleadings below, the appellant identified as "Disclosure 3" her complaint to the Deputy Branch Director about a Group Supervisor's misconduct in April 2021. IAF, Tab 5 at 5-6. She described this disclosure in her OSC complaint and alleged retaliation for the same, providing OSC with a sufficient basis to pursue an investigation. IAF, Tab 4 at 13; *see Chambers*, 2022 MSPB 8, ¶ 10. Thus, we modify the initial decision to find that this alleged disclosure was exhausted with OSC.[3]

---

[3] Although the appellant also referenced her 2021 EEO complaint challenging her termination in her OSC complaint, she does not re-raise a claim of retaliation for this activity on review. IAF, Tab 4 at 12, Tab 5 at 7, 15-23; PFR File, Tab 1 at 1-2.

The remaining alleged disclosures and activities listed by the appellant in her pleadings below are absent from her OSC complaint, and she failed to present other sufficiently reliable evidence to prove exhaustion of these claims. IAF, Tab 4 at 12-13, Tab 5 at 5-8. Out of these disclosures and activities, she re-raises on review only "Disclosure 1," i.e., her verbal counseling session with her subordinate regarding her subordinate's attitude, behavior, and performance. IAF, Tab 5 at 5, 21; PFR File, Tab 1 at 1. Missing from the appellant's OSC complaint, her correspondence with OSC, and her statement below is any evidence or allegation that the appellant raised this alleged disclosure with OSC. We modify the initial decision to acknowledge this claimed disclosure, but nonetheless find the Board lacks jurisdiction due to the appellant's failure to prove exhaustion.

> *The appellant failed to make a nonfrivolous allegation that her disclosure of supervisory misconduct evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8).*

In her sworn Board pleadings, the appellant described her alleged disclosure to a Deputy Branch Director on April 16, 2021, that a Group Supervisor "lost control and unbecoming [sic] of a supervisor" during a group meeting in a medical tent, and "something needed to be done." IAF, Tab 5 at 5. She alleged that the Deputy Branch Director, who was present for the meeting, witnessed the Group Supervisor yell and scream at her and "get in [her] face." *Id.* Furthermore, she allegedly disclosed that the conduct created a "hostile environment." IAF, Tab 4 at 16, Tab 5 at 6; PFR File, Tab 1 at 2.

A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross

Moreover, the Board only has IRA jurisdiction over EEO activity covered by 5 U.S.C. § 2302(b)(9)(A)(i), meaning it seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 8. Here, the appellant's EEO complaint, which alleged discrimination based on age and race and retaliation for EEO activity, did not seek to remedy whistleblower reprisal. IAF, Tab 5 at 15-23. Thus, the Board lacks IRA jurisdiction over this claim.

mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *see Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016). At the jurisdictional stage, the appellant is burdened only with making a nonfrivolous allegation that she reasonably believed that her disclosure evidenced a violation of one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Bradley*, 123 M.S.P.R. 547, ¶ 7. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6. The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.*

After considering the evidence and argument in a light most favorable to the appellant, we find that she failed to make nonfrivolous allegations that she reasonably believed that the Group Supervisor's conduct evidenced any category of wrongdoing specified in 5 U.S.C. § 2302(b)(8). The appellant never claimed that she believed that the Group Supervisor assaulted her, violated a law, rule or regulation, caused the agency to expend funds, or posed a risk to anyone's safety. IAF, Tab 4 at 12-16, Tab 5 at 5-6; PFR File, Tab 1 at 2. Nor has the appellant alleged facts suggesting that she reasonably believed the Group Supervisor's conduct created a substantial risk of significant impact on the agency's ability to accomplish its mission as necessary to constitute an abuse of discretion. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 16 (2007).

Harassment or intimidation of other employees may constitute an abuse of authority. *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011). An abuse of authority occurs when there is an arbitrary or capricious exercise of

power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to herself or preferred other persons. *Id.*; *see also Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶¶ 13-20 (2015) (finding that an appellant reasonably believed that her disclosure of her supervisor's alleged harassment evidenced an abuse of authority after he placed her on a retraining program for unjustified reasons and gave her a negative performance evaluation that she successfully challenged through the grievance process, and noting that other employees shared the appellant's belief that the supervisor was harassing her); *Murphy v. Department of the Treasury*, 86 M.S.P.R. 131, ¶¶ 5-7 (2000) (finding an appellant made nonfrivolous allegations that he disclosed an abuse of authority when he reported that his supervisor allegedly engaged in threats, profane tirades, and physical acts of aggression such as slamming down a baseball bat, to intimidate the appellant and other staff members into following the supervisor's requests).

The appellant has not alleged facts which suggest she reasonably believed the Group Supervisor's "outburst" was arbitrary and capricious. The only information the appellant provides regarding the cause of the incident is that she refused to provide the Group Supervisor with the identity of an individual "who repeated a statement [the Group Supervisor] made, . . . which was passed onto the Emergency Manager." IAF, Tab 5 at 5. Without any context as to the nature of the alleged statement or the alleged yelling and screaming by the Group Supervisor, we cannot judge whether the appellant reasonably believed the Group Supervisor's response was disproportionate to its cause. Further, the appellant has not set forth any facts that would suggest that she reasonably believed her Group Supervisor's behavior adversely impacted the appellant's rights or resulted in personal gain to her supervisor or anyone else. IAF, Tab 4 at 16, Tab 5 at 5-6; PFR File, Tab 1 at 2. Although the appellant claims she was transferred to another location and demoted following the incident, she represents that the agency took these actions as a result of her own behavior during the incident, not

that of the Group Supervisor.  IAF, Tab 5 at 5-6.  Accordingly, we find that the appellant's disclosure in April 2021 of the Group Supervisor's conduct was not protected under section 2302(b)(8) of the WPEA.  Therefore, the Board lacks jurisdiction over this claim.

> *The appellant failed to make nonfrivolous allegations that her EEO activity in 2016 or 2017 was a contributing factor in the agency's 2021 personnel actions.*

On review, the appellant reraises her claim of retaliation for providing information to a coworker to assist her in filing an EEO complaint in 2016 or 2017.  PFR File, Tab 1 at 1; IAF, Tab 1 at 5, Tab 4 at 12-13.  The administrative judge found that the appellant failed to make nonfrivolous allegations that she engaged in protected activity and, alternatively, failed to make nonfrivolous allegations that any such activity was a contributing factor in her termination. ID at 3-5.  On review, the appellant raises several issues relevant to the issue of contributing factor.  PFR File, Tab 1 at 1-4, 6.

We agree with the administrative judge that the appellant failed to make nonfrivolous allegations that the EEO activity was a contributing factor to the agency's termination action for the reasons discussed below.[4]  ID at 4-5.  We modify the initial decision to recognize that other alleged personnel actions—in addition to her termination—are at issue:  the appellant articulated in her OSC complaint retaliatory agency actions including harassment, a performance evaluation, a demotion, and a reassignment/move to another county, all which, like her termination, allegedly occurred in 2021.  IAF, Tab 4 at 5-6, 12-15.

As stated above, to establish Board jurisdiction over her IRA appeal, the appellant must make nonfrivolous allegations that the protected activity was a

---

[4] Under 5 U.S.C. § 2302(b)(9)(B), it is a protected activity to "testify[] for or otherwise lawfully assist[] any individual in the exercise of any" "appeal, complaint, or grievance right granted by any law, rule, or regulation."  *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 26 (quoting 5 U.S.C. § 2302(b)(9)(A)-(B)).  Because we discern no basis to disturb the administrative judge's determination that the appellant failed to meet her jurisdictional burden regarding contributing factor, we need not address whether the appellant's alleged activity constituted protected activity.

contributing factor in the agency's decision to take a personnel action. *Salerno*, 123 M.S.P.R. 230, ¶ 5. To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected activity was one factor that tended to affect the personnel action in any way. *Id.*, ¶ 13. One way to establish contributing factor for jurisdictional purposes is the knowledge/timing test, under which an appellant nonfrivolously alleges that the activity was a contributing factor through circumstantial evidence, such as evidence that the official taking the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 13. In addition to the knowledge/timing test, there are other possible ways for an appellant to satisfy the contributing factor criterion. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 14-15 (2012).

The administrative judge found that the appellant failed to meet the timing prong of the knowledge/timing test. ID at 4-5. She reasoned that the 2016 or 2017 EEO complaint was too remote to the appellant's 2021 termination to satisfy the test. *Id.* On review, the appellant reasserts that she satisfied the knowledge prong of the knowledge/timing test but does not challenge the administrative judge's finding regarding timing. PFR File, Tab 1 at 1. The Board has held that personnel actions taken within 1 to 2 years of the protected disclosure or activity satisfy the timing prong of the knowledge/timing test, but those that take place more than 2 years after the disclosure or activity are too remote to satisfy this test. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 63. We discern no basis to disturb the administrative judge's determination that the approximately 4- to 5-year gap between the appellant's alleged protected activity and the agency's action was too great to establish timing. IAF, Tab 4 at 12-15.

The administrative judge also found that the appellant failed to allege facts apart from the knowledge/timing test that, if proven, would establish contributing

factor. ID at 5-6. If an appellant fails to satisfy the knowledge/timing test, the Board will consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the protected activity was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *See Dorney*, 117 M.S.P.R. 480, ¶ 15. Any weight given to a protected activity, either alone or in combination with other factors, can satisfy the contributing factor standard. *Id.* In her petition for review, the appellant raises several challenges to the agency's termination action that are relevant to the Board's inquiry under *Dorney*. PFR File, Tab 1 at 1; *see id.*

Among these challenges is the appellant's contention that the subordinate employee who lodged the complaint of misconduct that led to her termination had lied to "[b]ring [her] down a peg." PFR File, Tab 1 at 1. She further contends that the agency conducted an inadequate investigation by failing to interview witnesses she identified, and submits unsigned statements that she represents are from former coworkers who indicate that they did not witness any misconduct by her. *Id.* at 1, 3-4. She submitted a similar statement from a different coworker below. IAF, Tab 4 at 22-23. She asserts that she signed a statement during the investigation—which formed the basis of the agency's charge of lack of candor— under "stressful conditions." PFR File, Tab 1 at 1; IAF, Tab 5 at 10. After reviewing the evidence, we find that the agency's stated reasons for terminating the appellant were strong.[5]  IAF, Tab 7 at 13. Notably, its charges were,

---

[5] The administrative judge indicated that the appellant was required to allege facts that would establish that the agency's stated reasons for taking the personnel actions were weak and that the officials taking the alleged personnel actions had a desire to retaliate. ID at 5-6; *Dorney*, 117 M.S.P.R. 480, ¶ 15. To the extent the administrative judge suggested that the appellant was required to nonfrivolously allege specific elements of the *Dorney* factors, this was in error. The factors articulated under *Dorney* are not exhaustive or absolute. *See Dorney*, 117 M.S.P.R. 480, ¶ 15 (providing identified factors as examples of the types of evidence that might be relevant to determining contributing factor). Any error was harmless because, considering the relevant evidence under the proper standard, we agree with the administrative judge that the appellant failed to make nonfrivolous allegations of contributing factor.

according to the appellant, prompted by a complaint from the appellant's subordinate. IAF, Tab 5 at 5, Tab 7 at 13. The appellant has not alleged that her subordinate knew of the 2016 or 2017 EEO activity. IAF, Tab 5 at 5. Although the appellant disputes the veracity of this subordinate's complaint, her arguments do not discredit the agency's stated reasons for its actions. IAF, Tab 5 at 5; PFR File, Tab 1 at 1.

Also, the appellant argues on review that the deciding official for the agency's termination action and the Cadre Management and Training Branch Chief, who denied her appeal of her termination, were "involved" in her coworker's EEO case in 2016 or 2017. PFR File, Tab 1 at 1; IAF, Tab 5 at 7, 20-21, Tab 7 at 13, 15. However, she does not describe the extent of their involvement, and it appears from the appellant's pleadings that the EEO complaint was directed at a different individual. PFR File, Tab 1 at 1; IAF, Tab 5 at 20-21. The appellant does not claim that this individual had any influence on her termination.

Finally, the administrative judge properly concluded that the appellant has failed to articulate any facts suggesting that the two named officials involved in her termination had any desire or motive to retaliate against her for her peripheral involvement in a coworker's EEO complaint. The appellant alleges that she provided a coworker with information about lesser discipline she received for the same misconduct, which led to the coworker's decision to file an EEO complaint claiming disparate treatment. PFR File, Tab 1 at 1; IAF, Tab 5 at 19-20. According to the appellant, her coworker listed her as a witness. PFR File, Tab 1 at 1; IAF, Tab 5 at 19, 22. She states that she was never contacted by EEO investigators and did not have any further involvement in the complaint. PFR File, Tab 1 at 1; IAF, Tab 5 at 20. Accordingly, we decline to disturb the administrative judge's conclusion that the appellant failed to make nonfrivolous allegations that the EEO activity was a contributing factor in the agency's

termination action.  ID at 6.  We extend that finding to the agency's other personnel actions.

Accordingly, we affirm the dismissal of this appeal for lack of jurisdiction as modified above.[6]

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[6] Because we lack jurisdiction over this appeal, we are unable to address the appellant's arguments on review that her termination was unwarranted and the agency's investigation into her alleged misconduct was flawed.  PFR File, Tab 1 at 1; *see Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (explaining that, absent jurisdiction, the Board lacks authority to decide the merits of an appeal); *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, discrimination, and other alleged prohibited personnel practices).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.